## LEMING v. STEPHENS.

### (*Knoxville.* October 16, 1895.)

1. SUBROGATION. *Allowed when.*

   A mortgagee of land is entitled to be subrogated to a vendor's lien as against an inferior mechanics' lien, where the deed retaining the vendor's lien provided that such lien should be released as to the mortgage in case a loan should be secured by the purchaser.

2. LIENS. *Priority of.*

   The mechanics' lien is inferior to an older express vendor's lien on the same property.

---

### FROM ROANE.

---

Appeal from Chancery Court of Roane County. HENRY R. GIBSON, Ch.

HARRIMAN & McKENZIE and YOUNG & STEPHENS for Leming.

LEMUEL D. LILLY for Stephens.

McALISTER, J. Complainants were mechanics and materialmen, who performed certain labor and furnished material for the defendant, Jno. B. Stephens, in the erection of a house in the town of Harriman,

and filed this bill for the enforcement of their several statutory liens on the house and lot. The lot had been purchased by Stephens from the defendant, Winslow, who reserved a lien for balance of purchase money. The defendant, the Harriman Building & Loan Association, advanced money to Stephens to enable him to build the house, and took a deed of trust on the lot and improvements. The lot was insufficient to satisfy all of these incumbrances, and the controversy in the Chancery Court was over the priorities. The Chancellor held that the complainants, Leming & Co., who had furnished material, held a first lien on the premises; second, that the Harriman Building & Loan Association were next entitled to satisfaction, because of an agreement with Winslow, the vendor, by which the building association was to be subrogated to the lien of the vendor; third, that the lien of the vendor should next be satisfied.

From this decree Winslow and the Harriman Building & Loan Association appealed. The cause was heard by the Court of Chancery Appeals, and the decree of the Chancellor was modified. That Court held that the vendor's lien of Winslow was superior to that of complainant, Leming & Co., who had furnished material in the construction · of the house. The Court further found, however, that the vendor had waived his lien in favor of the building association, and had agreed that the latter might be subrogated to his rights in respect of priority of

satisfaction. The result of the decree pronounced by the Court of Chancery Appeals is that the building association will be first paid out of the proceeds arising from the sale of the house and lot a sum equal to the balance of the purchase money due thereon to Winslow; next, complainants, Leming & Co., will be fully paid; third, the building association will then be paid the balance due it; fourth, the lien of Winslow for balance of purchase money will then be paid.

From this decree Leming & Co. alone have appealed to this Court, and assigned the following error, viz.: "The Court erred in law by holding and decreeing that the vendor's lien of Winslow, to which the Harriman Building & Loan Association was subrogated by the terms of said decree, was prior to that of Leming & Co. under the facts as found by it."

We think the decree was correct, for the following reasons: It appears from the record that, on December 1, 1892, Winslow conveyed the lot in question to Stephens by deed containing the following provision, to wit: "A lien is retained upon the premises herein conveyed. It being understood and agreed that, in case Stephens shall build on the premises herein conveyed, and shall be able to secure a loan from some building and loan association in an amount not to exceed $1,200, then the lien herein retained is hereby released as to said association, and made a lien second to any mortgage lien

which may be secured by said building and loan association.''

The record discloses that Stephens borrowed from the Harriman Building & Loan Association the sum of $1,000, and secured same by deed of trust on this lot, which deed of trust was registered April 13, 1894. It will thus be seen that, while the lien of the vendor for purchase money was superior to that of the building and loan association, that priority was waived by the vendor in favor of the building association. It should be remarked that this was done with full knowledge on the part of complainant that the money so borrowed from the building association was to be used in the construction of the house, and the understanding was that part of the money was to be paid complainant. We think it clear that the building association was entitled to be subrogated to the lien of the vendor, and, as the lien of the vendor takes precedence of the statute lien of the mechanic-furnisher, complainant has no ground to complain. It should be observed that the building association is, by the decree of the Chancery Court of Appeals, subrogated to the lien of the vendor only to the extent of the unpaid purchase money, amounting to $581.03, while the whole amount due the building association was $828.

The decree of the Court of Chancery Appeals is affirmed.